ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 13 2024

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NNAMDI IHEANACHO | Criminal Indictment<br><br>No. 1:24-CR-0049 |

THE GRAND JURY CHARGES THAT:

### Counts One and Two
**(Wire Fraud – 18 U.S.C. § 1343)**
*(Unemployment Insurance Scheme)*

1. Beginning on an unknown date, but from at least on or about April 30, 2020, and continuing through at least on or about November 23, 2021, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material fact, and for the purpose of executing and attempting to execute such scheme and artifice, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds.

### Background

At all times relevant to the Indictment:

2. The U.S. Department of Labor, Employment and Training Administration is a federal agency that provides oversight for the Federal-State Unemployment Insurance Program, which provides unemployment benefits to eligible workers who are unemployed through no fault of their own as determined under state law and who meet other state eligibility requirements. Unemployment Insurance payments, also known as benefits, are intended to provide temporary financial assistance to eligible workers.

3. The Employment Security Department of Washington State ("ESD") is the state agency that oversees the Unemployment Insurance program in the state of Washington. Through this agency, unemployment benefits may be issued to Washington residents who are unemployed because of a nationwide pandemic, such as the COVID-19 pandemic.

4. In general, a person seeking unemployment benefits through the ESD must complete an online application that includes, among other things, the claimant's name, date of birth, social security number, and the reason why the claimant is unemployed. To be eligible for benefits, the claimant must: (1) have been recently employed in the state of Washington in the past 12 to 18 months for a minimum of 680 hours; (2) be currently unemployed; (3) be able and available to work; and (4) be actively seeking suitable full-time employment.

5. In Washington, unemployment compensation funds are most often issued in the form of a direct deposit into the claimant's designated bank account or prepaid debit card account.

6. In response to the COVID-19 pandemic, on March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The CARES Act provided emergency financial assistance to millions of Americans who were suffering from the economic devastation caused by the COVID-19 pandemic.

7. The CARES Act created a new temporary federal program called Pandemic Unemployment Assistance ("PUA") that provided up to 39 weeks of unemployment benefits and funding to states for the administration of the program. An individual receiving PUA benefits might also have received a $600 weekly benefit in federal funds under the Federal Pandemic Unemployment Compensation ("FPUC") program if the individual was eligible for such compensation for the week claimed. The CARES Act also included a provision of temporary benefits for individuals who had exhausted their entitlement to regular unemployment benefits, as well as coverage for individuals who were not eligible for regular benefits, were self-employed, or had limited recent work history.

8. The Defendant, NNAMDI IHEANACHO was a citizen of the United States residing in the metro area in the Northern District of Georgia.

The Scheme and Artifice to Defraud

9. The Defendant, NNAMDI IHEANACHO, used stolen personally identifiable information ("PII") to cause the filing of false claims for Unemployment Insurance with ESD. Defendant IHEANACHO received proceeds from these fraudulent claims through prepaid debit cards.

10. Defendant IHEANACHO caused the filing of fraudulent state unemployment claims via the Internet using stolen PII belonging to Washington residents, who had not applied for benefits and did not authorize the use of their PII. Based on the submission of these fraudulent applications, ESD issued payments for Unemployment Insurance to prepaid debit cards that Defendant IHEANACHO designated in the applications.

Execution of the Scheme and Artifice to Defraud

11. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, aided and abetted by others known and unknown to the Grand Jury, having knowingly devised and intended to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, the transmission of fraudulent Unemployment Insurance claims to ESD via the Internet in the name of the individuals whose initials are specified in Column B, resulting in the payment of unemployment benefits in the amounts identified in Column C, to the prepaid debit cards listed in Column D, for the purpose of executing and attempting to execute such scheme and artifice to defraud:

| Count | A<br>Date | B<br>Individual | C<br>Benefit Paid | D<br>Prepaid Debit Card |
|---|---|---|---|---|
| 1 | 05/07/2020 | M.B. | $5,704.00 | Green Dot Bank card number ending in 2799 |
| 2 | 05/08/2020 | K.J. | $9,920.00 | Green Dot Bank card number ending in 8958 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Three through Five
### (Wire Fraud – 18 U.S.C. § 1343)
*(Tax Fraud Scheme)*

12. Beginning on an unknown date, but from at least on or about April 24, 2020, and continuing through at least on or about April 18, 2023, the exact dates being unknown to the Grand Jury, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material fact, and for the purpose of executing and attempting to execute such scheme and artifice, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds.

### The Scheme and Artifice to Defraud

13. The Defendant, NNAMDI IHEANACHO, used stolen personally identifiable information ("PII") to cause the filing of false individual tax returns with the

5

Internal Revenue Service ("IRS"). Defendant IHEANACHO received proceeds from these fraudulent claims and returns through prepaid debit cards.

14. Defendant IHEANACHO caused the filing of fraudulent individual income tax returns, which claimed entitlement to large tax refunds, with the IRS via the Internet using stolen PII belonging to individuals. Based on those fraudulent filings, the IRS issued tax refunds and stimulus payments to prepaid debit cards that Defendant IHEANACHO designated in the fraudulent returns.

Execution of the Scheme and Artifice to Defraud

15. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, aided and abetted by others known and unknown to the Grand Jury, having knowingly devised and intended to devise the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, did with intent to defraud cause the transmission by means of wire communication in interstate and foreign commerce of certain writings, signs, signals, pictures, and sounds, that is, the transmission of fraudulent individual income tax returns to the IRS via the Internet in the name of the individuals whose initials are specified in Column B, resulting in the payment of federal tax refunds in the amount identified in Column C to the prepaid debit card listed in Column D, for the purpose of executing and attempting to execute such scheme and artifice to defraud:

| Count | A<br>Date | B<br>Individual | C<br>Refund Paid | D<br>Prepaid Debit Card |
|---|---|---|---|---|
| 3 | 03/08/2021 | D.A. | $8,522.17 | Green Dot Bank card number ending in 6813 |
| 4 | 02/05/2022 | R.T. | $6,406.10 | Green Dot Bank card number ending in 8750 |
| 5 | 02/09/2022 | R.C. | $4,890.10 | Green Dot Bank card number ending in 8776 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

### Counts Six through Ten
### (Aggravated Identity Theft – 18 U.S.C. § 1028A(a)(1))

16. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 10 and Paragraphs 13 through 14 of this Indictment as if fully set forth herein.

17. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, aided and abetted by others known and unknown to the Grand Jury, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, social security number, and date of birth of the persons whose initials are specified in Column B, during and in relation to the commission of the felony offense of wire fraud in violation of Title 18, United States Code, Section 1343, as set forth in the corresponding counts identified in Column C.

| Count | A<br>Date | B<br>Individual | C<br>Felony Count |
|---|---|---|---|
| 6 | 05/07/2020 | M.B. | 1 |
| 7 | 05/08/2020 | K.J. | 2 |
| 8 | 03/08/2021 | D.A. | 3 |
| 9 | 02/05/2022 | R.T. | 4 |
| 10 | 02/09/2022 | R.C. | 5 |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## Count Eleven
### (Money Laundering Conspiracy – 18 U.S.C. § 1956(h))

18. The Grand Jury re-alleges and incorporates by reference the factual allegations laid out in Paragraphs 2 through 10 and 13 through 14 of this Indictment as if fully set forth herein.

19. Beginning on a date unknown, but from at least on or about May 8, 2020, and continuing through at least on or about June 30, 2020, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with other persons known and unknown to the Grand Jury, to commit an offense against the United States, namely, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct the financial transactions,

8

knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## Manner and Means

20. The Defendant, NNAMDI IHEANACHO, and conspirators laundered the fraudulent proceeds from false claims for Unemployment Insurance that Defendant IHEANACHO caused to be filed with ESD and false individual tax returns that Defendant IHEANACHO caused to be filed with the IRS that used stolen PII for the false filings.

21. Based on these fraudulent applications, the ESD issued Unemployment Insurance payments to prepaid debit cards designated in the applications.

22. Based on the fraudulent tax returns, the IRS issued federal tax refunds to prepaid debit cards.

23. Defendant IHEANACHO received these prepaid debit cards that contained the fraudulent proceeds.

24. To conceal the fraudulent nature, source, and control of the proceeds of the Unemployment Insurance and tax fraud schemes, Defendant IHEANACHO purchased money orders with the fraudulent proceeds that were received on the prepaid debit cards.

25. In furtherance of the conspiracy to conceal the fraudulent nature, source, and control of the proceeds of the Unemployment Insurance and tax fraud schemes, Defendant IHEANACHO and conspirators set up and opened multiple business bank accounts for the purpose of receiving funds acquired from

criminal activity. The business bank accounts set up by Defendant IHEANACHO and conspirators were for sham companies that did not have physical premises, earn legitimate income, or pay wages to employees.

26. Defendant IHEANACHO and conspirators opened JP Morgan Chase Bank, N.A. ("Chase") bank accounts ending in 5877 and in 8969 in the name of ProJay Auto Brokers LLC, a company a conspirator incorporated, to receive funds acquired from criminal activity.

27. When funds obtained through fraud were received into the Chase accounts, Defendant IHEANACHO and conspirators depleted those illegally obtained funds through checks, electronic transfers, point of sale transactions, and cash withdrawals. By doing so, Defendant IHEANACHO and conspirators attempted to conceal, and did conceal, the source of the funds Defendant IHEANACHO obtained illegally through the Unemployment Insurance and tax fraud schemes.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts Twelve through Sixteen
### (Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i))

28. The Grand Jury re-alleges and incorporates by reference the factual allegations described in Paragraphs 2 through 10, 13 through 14, and 20 through 27 of this Indictment as if fully set forth herein.

29. On or about the dates listed in Column A of the table below, in the Northern District of Georgia and elsewhere, the Defendant, NNAMDI IHEANACHO, and others known and unknown to the Grand Jury, aided and abetted by one another, did knowingly conduct and attempt to conduct financial

transactions affecting interstate and foreign commerce, that is, the transactions identified in Column B in the bank accounts identified in Column C in the amounts identified in Column D, which involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| | A | B | C | D |
|---|---|---|---|---|
| Count | Date | Transaction Type | Account | Amount |
| 12 | 06/06/2020 | Deposit of money order ending in 7236 | Chase account ending in 5877 | $1,000.00 |
| 13 | 06/11/2020 | Deposit of money order ending in 1307 | Chase account ending in 8969 | $1,000.00 |
| 14 | 08/02/2021 | Deposit of money order ending in 9972 | NFCU account ending in 7543 | $1,000.00 |
| 15 | 08/02/2021 | Deposit of money order ending in 3381 | NFCU account ending in 7543 | $1,000.00 |
| 16 | 09/05/2021 | Deposit of money order ending in 6778 | NFCU account ending in 2962 | $1,000.00 |

All in in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## Forfeiture Provision

30. Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the Defendant, NNAMDI IHEANACHO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of said violations, including, but not limited to, the following:

    (a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Five of this Indictment.

31. Upon conviction of one or more of the offenses alleged in Counts Eleven through Sixteen of this Indictment, the Defendant, NNAMDI IHEANACHO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, or any property traceable to such property, including, but not limited to, the following:

    (a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of property obtained as a result of the offenses alleged in Counts Eleven through Sixteen of this Indictment.

32. If, as a result of any act or omission of the Defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

A _____True_____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
 *United States Attorney*

*[signature]*

SARAH E. KLAPMAN
 *Assistant United States Attorney*
Georgia Bar No. 437221

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181